UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR00134 DJS (AGF) |
| | ) | |
| ROBERT VONEARL MCCRAY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REVOKING PRETRIAL RELEASE

This matter is before the Court on a Motion to Revoke and Supplemental Motion to Revoke Pretrial Release filed by the government for revocation of Defendant's bond. [Doc. Nos. 19 and 21]. Defendant was charged by indictment with two counts of aggravated identity theft, one count of identity theft and one count of access device fraud, in violation of 18 U.S.C. § 1028(A) and 2, 18 U.S.C. § 1028(a)(7), 18 U.S.C. § 1029(a)(2) and 1029(b)(1), respectively. On March 5, 2009, Defendant was released on bond. Prior to his release, the undersigned reviewed with Defendant each of the conditions of release, orally and in writing, including the condition which requires that "[t]he defendant shall not commit any offense in violation of federal, state or local law while on release in this case." Defendant acknowledged that he understood each of the conditions of release and agreed, both orally and in writing, to abide by the conditions of release. Defendant's Pretrial Services Officer also reviewed these conditions of release with Defendant on the day of his release.

On April 3, 2009, Defendant was scheduled to appear before the undersigned for an evidentiary hearing. Defendant did not appear, and in response to the Court's inquiry, defense counsel stated that she had been unable to reach Defendant. On counsel's request, defense counsel was given an opportunity to contact Defendant, and the evidentiary hearing was continued to April 8, 2009. Prior to the hearing, the government filed a Motion to Revoke Pretrial Release, alleging that Defendant had violated numerous conditions of pretrial release, including that Defendant had moved without notifying his Pretrial Services Officer. In response to the Court's inquiry, it was also determined that Defendant had not addressed his outstanding warrants and wanteds, as was required by the terms of his conditions of release. A further hearing was scheduled for April 14, 2009.

Later on April 8, 2009, the government filed a Supplemental Motion to Revoke Pretrial Release, in which the government alleged that while on release, Defendant had obtained a lease on a new apartment, using false information and a false Social Security Number ("SSN").

A hearing on the issue of bond revocation was held on April 14, 2009. Defendant was present and represented by his attorney, Assistant Federal Public Defender Lucille Liggett. The government was represented by Assistant United States Attorney Tracy Berry. The government presented the testimony of Special Agent ("SA") Tom Brady, an agent with the Social Security Administration, Office of Inspector General; and Postal Inspector Molly Emmerick. Based upon the testimony of SA Brady and Inspector Emmerick, the Court finds that there is strong evidence that on or about March 15, 2009,

after his release on bond, Defendant used false identity information and a false SSN in connection with obtaining an apartment lease. There is also clear and convincing evidence that Defendant violated other conditions of release, including: Defendant failed to appear as required for his evidentiary hearing on April 3, 2009, and it appears that his explanation to the Pretrial Services Office regarding a health emergency on that date may be untrue; Defendant did not advise the Pretrial Services Office prior to obtaining a new address; and Defendant did not address the outstanding warrants and wanteds within 10 days of his release.

Pursuant to 18 U.S.C. § 3148(b), the court is directed to enter an order of revocation and detention if, following a hearing, the court

> (1) finds that there is –
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release;
>     and
> (2) finds that –
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

The statute further provides that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

Based upon the testimony and the evidence presented, the undersigned finds that there is probable cause to believe that Defendant committed the felony offense of false use of a social security number and identity fraud while he was on release on this Court's bond. As such, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court finds that Defendant did not rebut this presumption and further finds clear and convincing evidence that Defendant violated other conditions of release. Further, the Court finds, based on the factors set forth in 18 U.S.C. § 3142(g), that there is no such condition or combination of conditions that will adequately assure the safety of the community, and that Defendant is unlikely to abide by any condition or combination of conditions of release.

**THEREFORE, IT IS HEREBY ORDERED** that the government's motion to revoke bond and supplemental motion to revoke bond [Doc. Nos. 19 and 21] be **Granted,** and that Defendant's bond be revoked.

**IT IS FURTHER ORDERED** that Defendant Robert Vonearl McCray be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility

in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 14th day of April, 2009.